IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGEL ANTONIO SALMERON          :          CIVIL ACTION
                                :
          v.                    :
                                :
J.L. JAMISON, et al.            :          NO. 26-3964

ORDER

AND NOW, this 18th day of June 2026, based on the undisputed facts[1] and for the reasons stated Coelho Lopes v. Jamison, No. 26-234, 2026 WL 299991 (E.D. Pa. Feb. 4, 2026), Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), Hernandez Alvarez v. Warden of the Fed. Det. Ctr. Mia., No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), and Lopez-Campos v. Raycraft, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026),[2] it is hereby ORDERED that:

(1)  the Petition for Writ of Habeas Corpus by Angel Antonio Salmeron is GRANTED;

---

[1]     Petitioner is a 19-year-old high school senior who has a pending misdemeanor charge of indecent assault without the consent of the other under 18 Pa. Cons. Stat. § 3126(a)(1).  He is accused of pinching his classmate's butt.  This fact does not affect the result reached here.

[2]     Respondents continue to cite Buenrostro-Mendez v. Bondi, No. 25-20496, 166 F.4th 494 (5th Cir. Feb. 6, 2026), and Avila v. Bondi, No. 25-3248, 170 F.4th 1128 (8th Cir. Mar. 25, 2026). This court respectfully disagrees with the holdings in both decisions.

(2)   Angel Antonio Salmeron is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

(3)   The Government shall RELEASE Angel Antonio Salmeron from custody immediately and shall certify compliance with this Order by filing said certification on the docket no later than 2:00 P.M. EST on June 19, 2026;

(4)   Upon his release, the Government is required to return any personal property of Angel Antonio Salmeron, including his identification documents, and any other belonging that he had on his possession when detained;

(5)   The Government is temporarily enjoined from re-detaining Angel Antonio Salmeron for seven days following his release from custody;

(6)   If the Government chooses to pursue re-detention of Angel Antonio Salmeron after that seven-day period, it must first provide him with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

(7)   Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Angel Antonio Salmeron from the Eastern District of Pennsylvania

before the ordered bond hearing.  If the immigration judge determines that Angel Antonio Salmeron is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the undersigned to move Angel Antonio Salmeron if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and to permit his transfer; and

(8) The clerk of Court shall mark this case CLOSED.


BY THE COURT:


/s/   Harvey Bartle III
                                                        J.

3